UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PARRISH HAYDEN, JR., No. 22617-509,

      Petitioner,

    v.

T. LILLARD, Warden,

      Respondent.

Case No. 26-cv-00235-JPG

## MEMORANDUM AND ORDER

This case is before the Court on Parrish Hayden's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner is incarcerated at the Federal Correctional Institute at Greenville, Illinois, where Respondent T. Lillard is the warden. He is challenging his federal conviction and sentence in *United States v. Hayden*, 3:21-CR-00023-CHB-RSE-1 (W.D. Ky. 2021).

The petition is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other *habeas corpus* cases.

## I.    BACKGROUND

On September 23, 2021, Petitioner pled guilty in the Western District of Kentucky to distribution of 50 grams or more of methamphetamine, distribution of fentanyl, possession of a firearm in furtherance of drug trafficking, and possession of a firearm by a prohibited person. He was sentenced to 120 months on counts 1, 2, and 4, to run concurrently with one other, and 60

months on count 3, to run consecutively with the sentence imposed on the other counts, for a total of 180 months. Petitioner did not appeal his sentence.

On July 27, 2023, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. 2255. His motion was denied as untimely. Since that denial, Petitioner has filed four motions with the Sixth Circuit seeking authorization to file a second or successive § 2255 motion. The three motions it has considered have been denied.

## II.     **ANALYSIS**

Petitioner now argues that the Court should overturn his sentence because it violated his Fifth Amendment right against double jeopardy. However, his collateral attack on his sentence is not cognizable in a § 2241 proceeding.

Generally, an inmate wishing to challenge his sentence must file a § 2255 motion in the district of his conviction. *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). He is limited to one § 2255 motion and may file a second or successive petition only if he relies on "newly discovered evidence," 28 U.S.C. § 2255(h)(1), or "a new rule of constitutional law," 28 U.S.C. § 2255(h)(2). There is an exception to this rule under the "savings clause" of § 2255(e), which allows an inmate to attack his sentence in a § 2241 petition in the district of his incarceration where a § 2255 motion is "inadequate or ineffective to test the legality of his detention."

The Supreme Court held in *Jones v. Hendrix* that § 2255 is only "inadequate or ineffective" to challenge a sentence in "unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court," such as, for example, where the court of conviction no longer exists. 599 U.S. 465, 474 (2023). The Court held that allowing a collateral attack in a § 2241 petition in any other circumstance would work an end-run

around § 2255(h)'s limitations on successive collateral attacks to two, and only two, circumstances. *Id.* at 477. The Court drew a "straightforward negative inference" from the limitation—that no other successive collateral attacks on a sentence are allowed, period. *Id.* at 477–78. Accordingly, Petitioner may not bring his petition under § 2241.

### III.   CONCLUSION

For the foregoing reasons, the Court DISMISSES with prejudice Hayden Parrish's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1) and DIRECTS the Clerk of Court to enter judgment accordingly.

If Petitioner wishes to appeal this decision, generally he must file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion under Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from judgment, do not toll the deadline for an appeal.

If Petitioner files a motion for leave to appeal *in forma pauperis*, he must include in his motion a description of the issues he intends to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he appeals and is allowed to proceed *in forma pauperis*, he will be liable for a portion of the $605.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008).

It is not necessary for Petitioner to obtain a certificate of appealability from this

disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).


**IT IS SO ORDERED.**
**DATED**: **March 20, 2026**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
